# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATSON NAVIGATION COMPANY, INC., | Civil Action No. 1:18-cv-2751 (RDM) |
|       Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, and MARITIME ADMINISTRATION, | |
|       Defendants, | |
| and | |
| APL MARINE SERVICES, LTD., and APL MARITIME, LTD., | |
|       Intervenor-Defendants. | |

## ANSWER

Defendants, the United States Department of Transportation ("DOT") and the Maritime Administration ("MARAD") (collectively "Defendants"), by and through their undersigned counsel, hereby answer the separate paragraphs of the Complaint for Declaratory and Injunctive Relief brought by Plaintiff.

## FIRST DEFENSE

As to some or all of the claims asserted in this action, Plaintiffs' claims are barred by the doctrines of laches and/or waiver, statutes of limitations, and justiciability.

Defendants respond to the numbered and unnumbered paragraphs of Plaintiff's Complaint as

1

follows:

1.      The first sentence of Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no response is required.  The second sentence of Paragraph 1 is a characterization of the Maritime Security Program ("MSP") and 46 U.S.C. § 53102(a), which speak for themselves. Accordingly, no response to the second sentence is required.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the MSP and 46 U.S.C. § 53102(a).

2.      This paragraph is a characterization of the MSP, including 46 U.S.C. § 53105(a)(1) and 46 C.F.R. §§ 296.2, 296.11, which speaks for itself.  Accordingly, no response is required.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the MSP and the cited provisions.

3.      This paragraph is a characterization of the MSP, including 46 U.S.C. § 53105(f), which speaks for itself.  Accordingly, no response is required.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the Program and the cited provision.

4.      This paragraph consists of Plaintiff's characterization of this lawsuit, to which no response is required.

5.      Defendants deny the allegations of the first sentence of this paragraph, except to admit that the two vessels at issue previously operated in the Middle East, are owned by APL, and now operate in the Pacific Ocean.  The second sentence of this paragraph is a legal conclusion to the extent Plaintiff asserts that the vessels operate in domestic trade routes.  Thus, no response to the second sentence is required.  To the extent a response to the second sentence is required, Defendants lack knowledge or information on whether the APL vessels directly compete with Matson's vessels. Defendants deny any remaining allegations in this paragraph.

6.      This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 6.

7.      This paragraph consists of Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 7.

8.      This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the requested relief described in Paragraph 8.

9.      This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the requested relief described in Paragraph 9.

10.      This paragraph consists of legal conclusions, to which no response is required.

11.      This paragraph consists of a characterization of the D.C. Circuit's decision in *Matson Navigation Co. v. U.S. Dep't of Transp.*, 896 F.3d 799 (D.C. Cir. 2018), which speaks for itself and therefore no response is required.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the text of that decision.

12.      This paragraph consists of legal conclusions, to which no response is required.

13.      This paragraph consists of legal conclusions, to which no response is required.

14.      The first sentence of this paragraph consists of legal conclusions, to which no response is required.  The second sentence of this paragraph refers to MARAD's implementing regulations and a MARAD proceeding, to which Defendants refer for their complete and accurate contents.  The third sentence of this paragraph consists of a legal conclusion, to which no response is required.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants admit the first sentence of Paragraph 16.  The second sentence of Paragraph 16 consists of legal conclusions about the Secretary of Transportation's authority pursuant to 46 U.S.C. §§ 53101-53111.  Accordingly, no response to the second sentence is required.  To the extent a response is deemed required, Defendants deny any allegations inconsistent with the text of those provisions.

17.     Defendants admit the first and second sentences of Paragraph 17.  The third sentence of Paragraph 17 consists of legal conclusions about MARAD's responsibilities.  Accordingly, no response to the third sentence is required.  To the extent a response is deemed required, Defendants deny any allegations inconsistent with MSP's statutory provisions.

18.     Defendants admit the first and second sentences of Paragraph 18.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.     This paragraph consists of legal and historical conclusions, including a characterization of *Penn R.R. Co. v. Dillon*, 355 F.2d 292, 295 n.5 (D.C. Cir. 1964).  Accordingly, no response is required.  To the extent a response is required, Defendants refer to the Court to these authorities and deny any allegations inconsistent with the authorities cited in this paragraph.

20.     This paragraph consists of a legal conclusion about the Jones Act, to which no response is required.  To the extent a response is required, Defendants refer the Court to this Act for a complete and accurate statement of its contents and deny any characterization inconsistent with its terms.

21.     This paragraph consists of a legal conclusion about the Jones Act, to which no

4

response is required.  To the extent a response is required, Defendants refer the Court to this Act for a complete and accurate statement of its contents and deny any characterization inconsistent with its terms.

22.     This paragraph consists of a legal conclusion about the Jones Act and *Independent U.S. Tanker Owners Committee v. Lewis*, 690 F.3d 908 (D.C. Cir. 1982), to which no response is required.  To the extent a response is required, Defendants refer the Court to the authorities cited above, and deny any allegations inconsistent with their terms.

23.     This paragraph consists of a legal conclusion about the Jones Act, to which no response is required.  To the extent a response is required, Defendants refer the Court to this Act for a complete and accurate statement of its contents and deny any characterization inconsistent with its terms.

24.     This paragraph consists of a legal conclusion about 46 U.S.C. § 55102(b), to which no response is required.  To the extent a response is required, Defendants refer the Court to this provision for a complete and accurate statement of its contents and deny any characterization inconsistent with its terms.

25.     This paragraph consists of a legal conclusion about 46 U.S.C § 55101, to which no response is required.  To the extent a response is required, Defendants refer the Court to this provision for a complete and accurate statement of its contents and deny any characterization inconsistent with its terms.

26.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     This paragraph consists of a legal conclusion about section 502(b) of the Northern Mariana Island Covenant, 46 U.S.C. § 55101(b)(2), and Custom Services Ruling HQ 109583, to which no response is required.  To the extent a response is required, Defendants refer the Court to these provisions for a complete and accurate statement of their contents and deny any characterization inconsistent with their terms.

30.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, Defendants refer this Court to 46 U.S.C. § 55102(b) and *American Maritime Ass'n v. Blumenthal*, 590 F.2d 1156 (D.C. Cir. 1978) for a complete and accurate statement of their contents, and deny any characterization inconsistent with their terms.

31.     Admitted.

32.     This paragraph consists of a legal conclusion about 19 C.F.R. § 4.80b(a), to which no response is required.  To the extent a response is required, Defendants refer this Court to that provision for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

33.     This paragraph consists of Plaintiff's characterization of CBP Ruling HQ 219709 (Aug. 9, 2012); CBP Ruling HQ H114310 (July 12, 2010), and *The Bermuda*, 70 U.S. 514, 554 (1865).  These authorities speak for themselves and therefore no response is required. To the extent a response is required, Defendants refer this Court to these authorities for a full and accurate statement of their contents, and deny any characterization inconsistent with their terms.  Defendants deny any remaining allegations in this paragraph.

34.     This paragraph consists of a legal conclusion, to which no response is required.  To

the extent a response is required, Defendants state that the authorities upon which this illustration is based speak for themselves, and deny any characterization inconsistent with those authorities. Defendants deny any remaining allegations in this paragraph.

35.     This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants refer this Court to the Jones Act and *Independent U.S. Tanker Owners Committee v. Lewis*, and deny any characterization inconsistent with their terms.

36.     Admitted.

37.     This paragraph consists of Plaintiff's characterization of the Merchant Marine Act of 1936, 49 Stat. 1985 §§ 501-610 (1936), to which no response is required. To the extent a response is required, Defendants refer this Court to the Act for a full and accurate statement of its contents, and deny any characterization inconsistent with the statute.

38.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants refer this Court to the authorities cited within for a full and accurate statement of their contents, and deny any characterization inconsistent with these authorities.

39.     This paragraph consists of legal conclusions, to which no response is required.

40.     This paragraph consists of legal conclusions about 46 U.S.C. §§ 53101 *et seq.*, to which no response is required. To the extent a response is required, Defendants refer this Court to the statute for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

41.     This paragraph consists of Plaintiff's characterization of the Maritime Security Act of 1996, Pub. L. No. 104-239, to which no response is required. To the extent a response is required, Defendants refer the Court to the statute for a full and accurate statement of its contents, and deny

any characterization inconsistent with its terms.

42.     This paragraph consists of legal conclusions about 46 U.S.C. § 53102(b)(2), (3), to which no response is required.  To the extent a response is required, Defendants refer the Court to these provisions for a full and accurate statement of their contents, and deny any characterization inconsistent with their terms.

43.     This paragraph consists of a quotation of 46 U.S.C. § 53101(4), to which no response is required.  To the extent a response is required, Defendants refer the Court to the provision for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

44.     This paragraph consists of a legal conclusion about 46 C.F.R. § 296.11(a)(2), to which no response is required.  To the extent a response is required, Defendants refer the Court to the provision for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

45.     This paragraph consists of a quotation of 46 C.F.R. 296.2, to which no response is required.  To the extent a response is required, Defendants refer the Court to the provision for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

46.     This paragraph consists of a legal conclusion about 46 U.S.C. § 12111, to which no response is required.  To the extent a response is required, Defendants refer the Court to the provision for a full and accurate statement of its contents, and deny any characterization inconsistent with its terms.

47.     Admitted.

48.     This paragraph consists of a legal conclusion about 46 U.S.C. § 53105(a), to which no response is required.  To the extent a response is required, Defendants refer the Court to the provision for a full and accurate statement of its contents, and deny any characterization inconsistent

with its terms.

49.     This paragraph consists of a legal conclusion about the requirements of the MSP

program, to which no response is required.  To the extent a response is required, Defendants refer the

Court to MSP statutory and regulatory authorities for a full and accurate statement of their contents,

and deny any characterization inconsistent with their terms.

50.     This paragraph consists of a legal conclusion about 46 U.S.C. § 53105(f), to which no

response is required.  To the extent a response is required, Defendants refer the Court to the provision

for a full and accurate statement of its contents, and deny any characterization inconsistent with its

terms.

51.     This paragraph consists of a legal conclusion about the National Defense

Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91 (2017), to which no response is required.

To the extent a response is required, Defendants refer the Court to the provision for a full and

accurate statement of its contents, and deny any characterization inconsistent with its terms.

52.     Admitted, with the note that the "administrative record" referenced in the paragraph

refers to the record submitted in the D.C. Circuit litigation.

53.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to

MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

54.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to

MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

55.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

56.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

57.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

58.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on December 4, 2014, and which is attached to the Complaint at Ex. 2, ECF No. 1-7. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

59.     This paragraph consists of legal conclusions, to which no response is required.

60.     The first sentence of this paragraph consists of Plaintiff's characterization of a letter sent by MARAD to APL on January 20, 2015, and which is attached to the Complaint at Ex. 3, ECF No. 1-8. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms. Defendants admit the second sentence.

61.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on August 27, 2015, and which is attached to the Complaint at Ex. 4, ECF No. 1-9.

Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

62.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on August 27, 2015, and which is attached to the Complaint at Ex. 4, ECF No. 1-9. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

63.     This paragraph consists of Plaintiff's characterization of a letter sent by R&D Investments, Inc. to MARAD on August 31, 2015, and which is attached to the Complaint at Ex. 5, ECF No. 1-10.  Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

64.     This paragraph consists of Plaintiff's characterization of a letter sent by MARAD to R&D Investments, Inc. on September 11, 2015, and which is attached to the Complaint at Ex. 6, ECF No. 1-11.  Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

65.     This paragraph consists of Plaintiff's characterization of a letter sent by MARAD to R&D Investments, Inc. on September 11, 2015, and which is attached to the Complaint at Ex. 6, ECF No. 1-11.  Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

66.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to MARAD on September 16, 2015, and which is attached to the Complaint at Ex. 7, ECF No. 1-12. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

67.     This paragraph consists of Plaintiff's characterization of a letter sent by APL to

MARAD on September 16, 2015, and which is attached to the Complaint at Ex. 7, ECF No. 1-12.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

68.     This paragraph consists of Plaintiff's characterization of a press release purportedly

issued by APL on October 12, 2015, and which is attached to the Complaint at Ex. 8, ECF No. 1-13.

Defendants respectfully state that the press release speaks for itself, and deny any characterization

inconsistent with the press release's terms.

69.     This paragraph consists of Plaintiff's characterization of an article published on

October 13, 2015 in the Guam Daily Post, and which is attached to the Complaint at Ex. 9, ECF No.

1-14.  Defendants respectfully state that the article speaks for itself, and deny any characterization

inconsistent with the article's terms.

70.     This paragraph consists of Plaintiff's characterization of an email chain sent on

October 20, 2015, and which is attached to the Complaint at Ex. 9, ECF No. 1-14.  Defendants

respectfully state that the email chain speaks for itself, and deny any characterization inconsistent

with the email chain's terms.

71.     This paragraph consists of Plaintiff's characterization of a brochure purportedly

issued by APL, which is attached to the Complaint at Ex. 10, ECF No. 1-15, as well as APL's

correspondence with MARAD, which is attached to the Complaint at Exs. 2, 4, & 7.  Defendants

respectfully state that the brochure and correspondence speak for themselves, and deny any

characterization inconsistent with their terms.

72.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum

dated October 15, 2015, and which is attached to the Complaint at Ex. 11, ECF No. 1-16.

Defendants respectfully state that the memorandum speaks for itself, and deny any characterization

inconsistent with the memorandum's terms.

73.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum dated October 15, 2015, and which is attached to the Complaint at Ex. 11, ECF No. 1-16. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

74.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum dated October 15, 2015, and which is attached to the Complaint at Ex. 11, ECF No. 1-16. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

75.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum dated October 15, 2015, and which is attached to the Complaint at Ex. 11, ECF No. 1-16. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

76.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum dated October 15, 2015, and which is attached to the Complaint at Ex. 11, ECF No. 1-16. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

77.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.  To the extent that Plaintiff alleges that "MARAD adopted these recommendations," this claim is a legal conclusion about the relationship between the documents attached at Ex. 11 and Ex. 12.  Defendants respectfully state that these documents speak for

themselves, and deny any characterization inconsistent with their terms.

78.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

79.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

80.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

81.     This paragraph consists of Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is nonetheless required, the paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17.  Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of this paragraph.  With respect to the second clause of this paragraph, Defendants admit that Matson was not given formal notice of APL's application to substitute the APL Guam for the APL Cyprine.  With respect to the third clause of this paragraph, Defendants respectfully submit that the administrative record with respect to the APL Guam vessel

replacement order speaks for itself, and deny any characterization inconsistent with that record.

83.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated August 24, 2016, and which is attached to the Complaint at Ex. 13, ECF No. 1-18. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

84.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated August 24, 2016, and which is attached to the Complaint at Ex. 13, ECF No. 1-18. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

85.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated October 11, 2016, and which is attached to the Complaint at Ex. 14, ECF No. 1-19. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

86.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated October 11, 2016, and which is attached to the Complaint at Ex. 14, ECF No. 1-19. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

87.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated October 11, 2016, and which is attached to the Complaint at Ex. 14, ECF No. 1-19. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

88.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated November 9, 2016, and which is attached to the Complaint at Ex. 15, ECF No. 1-20.

Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

89.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated November 5, 2016, and which is attached to the Complaint at Ex. 16, ECF No. 1-21. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

90.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum, dated December 9, 2016, and which is attached to the Complaint at Ex. 17, ECF No. 1-22. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

91.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum, dated December 9, 2016, and which is attached to the Complaint at Ex. 17, ECF No. 1-22. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

92.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum, dated December 9, 2016, and which is attached to the Complaint at Ex. 17, ECF No. 1-22. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

93.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum, dated December 9, 2016, and which is attached to the Complaint at Ex. 17, ECF No. 1-22. Defendants respectfully state that the memorandum speaks for itself, and deny any characterization inconsistent with the memorandum's terms.

94.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum,

dated December 9, 2016, and which is attached to the Complaint at Ex. 17, ECF No. 1-22.

Defendants respectfully state that the memorandum speaks for itself, and deny any characterization

inconsistent with the memorandum's terms.

95.     This paragraph consists of Plaintiff's characterization of a MARAD memorandum,

dated December 9, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.

Defendants respectfully state that the memorandum speaks for itself, and deny any characterization

inconsistent with the memorandum's terms.  To the extent that Plaintiff alleges that "MARAD

adopted these recommendations," this claim is a legal conclusion about the relationship between the

documents attached at Ex. 17 and Ex. 18.  Defendants respectfully state that these documents speak

for themselves, and deny any characterization inconsistent with their terms.

96.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to

APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

97.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to

APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

98.     This paragraph consists of Plaintiff's characterization of a letter from MARAD to

APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.

Defendants respectfully state that the letter speaks for itself, and deny any characterization

inconsistent with the letter's terms.

99.     This paragraph consists of Plaintiff's characterization of this lawsuit, to which no

response is required.  To the extent a response is nonetheless required, the paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.  Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

100.    This paragraph consists of Plaintiff's characterization of a brochure purportedly issued by APL, which is attached to the Complaint at Ex. 10, ECF No. 1-15.  Defendants respectfully state that the brochure speaks for itself, and deny any characterization inconsistent with its terms.

101.    This paragraph consists of Plaintiff's characterization of a document entitled "APL Enhances Guam Saipan Express Service," dated November 15, 2016, and which is attached to the Complaint at Ex. 19, ECF No. 1-24.  Defendants respectfully state that the document speaks for itself, and deny any characterization inconsistent with the document's terms.

102.    This paragraph consists of Plaintiff's characterization of a brochure purportedly issued by APL, which is attached to the Complaint at Ex. 10, ECF No. 1-15.  Defendants respectfully state that the brochure speak for itself, and deny any characterization inconsistent with its terms.

103.    This paragraph consists of Plaintiff's characterization of a letter written by Matson to MARAD, dated December 12, 2016, and which is attached to the Complaint at Ex. 20, ECF No. 1-25, and a letter written by Matson to MARAD, dated December 15, 2016, and which is attached to the Complaint at Ex. 21, ECF No. 1-26.  Defendants respectfully state that the letters speak for themselves, and deny any characterization inconsistent with their terms.  Defendants respectfully state that the letter approving the APL SAIPAN for inclusion in the MSP, which is attached to the complaint at Ex. 18, ECF No. 1-23, speaks for itself, and deny any characterization inconsistent with its terms.

104.    This paragraph consists of Plaintiff's characterization of an appeal submitted by

18

Matson to MARAD, dated February 17, 2017, which is attached to the Complaint at Ex. 22, ECF No.

1-27, and an amended appeal dated March 17, 2017, which is attached to the Complaint at Ex. 23,

ECF No. 1-28.  Defendants respectfully state that the documents speak for themselves, and deny any

characterization inconsistent with their terms.

105.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to

Matson, dated April 7, 2017, which is attached to the Complaint at Ex. 24, ECF No. 1-29.

Defendants respectfully state that this document speaks for itself, and deny any characterization

inconsistent with its terms.

106.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to

Matson, dated April 7, 2017, which is attached to the Complaint at Ex. 24, ECF No. 1-29.

Defendants respectfully state that this document speaks for itself, and deny any characterization

inconsistent with its terms.

107.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to

Matson, dated April 7, 2017, which is attached to the Complaint at Ex. 24, ECF No. 1-29.

Defendants respectfully state that this document speaks for itself, and deny any characterization

inconsistent with its terms.

108.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to

Matson, dated April 7, 2017, which is attached to the Complaint at Ex. 24, ECF No. 1-29.

Defendants respectfully state that this document speaks for itself, and deny any characterization

inconsistent with its terms.

109.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to

Matson, dated April 7, 2017, which is attached to the Complaint at Ex. 24, ECF No. 1-29.

Defendants respectfully state that this document speaks for itself, and deny any characterization

inconsistent with its terms.

110.     This paragraph consists of Plaintiff's characterization of the proceedings in the D.C.

Circuit Case No. 17-1144, *Matson Navigation Co. v. U.S. Department of Transportation*.

Defendants refer to those proceedings and the D.C. Circuit's decision for their full and complete

contents, and deny any characterizations inconsistent with those proceedings or that decision.

111.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

112.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in the first sentence in this paragraph.  Defendants admit the second sentence.

113.     Admitted.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

115.     This paragraph consists of Plaintiff's characterization of its Securities and Exchange

Commission filings.  Defendants respectfully state that these filings speak for themselves, and deny

any characterization inconsistent with their terms.

116.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

117.     This paragraph consists of Plaintiff's characterization of an earnings call transcript,

which is attached to the Complaint at Ex. 26, ECF No. 1-31.  Defendants respectfully state that this

transcript speaks for itself, and deny any characterization inconsistent with its terms.

118.     Defendants lack knowledge or information sufficient to form a belief as to the

allegations in this paragraph.

119.     Defendants lack knowledge or information sufficient to form a belief as to the

allegations in this paragraph.

120.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT I

121.     Defendants hereby incorporate their answers to the preceding paragraphs as if fully set forth herein. .

122.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

123.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

124.    This paragraph consists of a legal characterization of 46 U.S.C. § 53102(b)(2), to which no response is required.  To the extent a response is required, Defendants refer the Court to this statutory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

125.    This paragraph consists of a legal characterization of 46 U.S.C. § 53105(a)(1), to which no response is required.  To the extent a response is required, Defendants refer the Court to this statutory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

126.    This paragraph consists of a quotation from 46 U.S.C. § 53101(4), to which no response is required.  To the extent a response is required, Defendants refer the Court to this statutory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

127.    This paragraph consists of quotation from of 46 C.F.R. § 296.11(a)(2), to which no

response is required.  To the extent a response is required, Defendants refer the Court to this regulatory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

128.    This paragraph consists of a quotation from 46 C.F.R. § 296.2, to which no response is required.  To the extent a response is required, Defendants refer the Court to this regulatory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

129.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, and which is attached to the Complaint at Ex. 12, ECF No. 1-17. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

130.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

131.    This paragraph consists of Plaintiff's characterization of a letter from MARAD to APL, dated October 22, 2015, which is attached to the Complaint at Ex. 12, ECF No. 1-17, and a letter from MARAD to APL, dated December 20, 2016, and which is attached to the Complaint at Ex. 18, ECF No. 1-23.  Defendants respectfully state that these letters speak for themselves, and deny any characterization inconsistent with their terms.  Defendant denies any remaining allegations in this paragraph.

132.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

133.     This paragraph consists of Plaintiff's characterization of a brochure purportedly issued by APL, which is attached to the Complaint at Ex. 10, ECF No. 1-15.  Defendants respectfully state that the document speaks for itself, and deny any characterization inconsistent with its terms.

134.     This paragraph consists of Plaintiff's characterization of a press release purportedly issued by APL on October 12, 2015, and which is attached to the Complaint at Ex. 8, ECF No. 1-13. Defendants respectfully state that the document speaks for itself, and deny any characterization inconsistent with the press release's terms.

135.     This paragraph consists of Plaintiff's characterization of a brochure purportedly issued by APL, which is attached to the Complaint at Ex. 10, ECF No. 1-15.  Defendants respectfully state that the document speaks for itself, and deny any characterization inconsistent with its terms.

136.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated August 24, 2016, and which is attached to the Complaint at Ex. 13, ECF No. 1-18. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

137.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated August 24, 2016, and which is attached to the Complaint at Ex. 13, ECF No. 1-18. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

138.     This paragraph consists of Plaintiff's characterization of a letter from APL to MARAD, dated December 1, 2016, and which is attached to the Complaint at Ex. 27, ECF No. 1-32. Defendants respectfully state that the letter speaks for itself, and deny any characterization inconsistent with the letter's terms.

139.     The first sentence of this paragraph is a legal characterization regarding 46 U.S.C. §

53101(10), to which no response is required.  To the extent a response to the first sentence is required, Defendants refer the Court to this statutory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.  This second sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response to the second sentence is required, Defendants deny the allegations in this paragraph.

140.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

141.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

142.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

143.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

144.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

145.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

146.    Denied.

147.    To the extent the first sentence of this paragraph consists of Plaintiff's characterization of a letter from MARAD to Matson, dated April 7, 2017 (attached to the Complaint at Ex. 24, ECF No. 1-29), Defendants respectfully state that this document speaks for itself, and deny any characterization inconsistent with its terms.  Defendants deny the remaining allegations in this paragraph.

148.     Denied.

## COUNT II

149.     Defendants hereby incorporate their answers to the preceding paragraphs as if fully set forth herein.

150.     This paragraph consists of a legal characterization of 46 C.F.R. § 296.41(b), to which no response is required.  To the extent a response is required, Defendants refer the Court to this regulatory provision for a complete and accurate statement of its contents, and deny any characterization inconsistent with its terms.

151.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

152.     Denied.

153.     Denied, except to admit that MARAD has made stipend payments that it has determined are legally appropriate.

154.     Denied.

## <u>PRAYER FOR RELIEF</u>

The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

Each and every allegation in the Complaint not expressly admitted or denied is hereby denied.

Having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter judgment dismissing this action and awarding Defendant costs and such other relief as the Court may deem appropriate.

Dated: February 28, 2019          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
Trial Attorney, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, D.C. 20005
Tel.     (202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Federal Defendants*