UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATSON NAVIGATION COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> APL MARINE SERVICES, LTD., *et al.*, <br><br> *Intervenor-Defendants.* | Civil Action No. 18-2751 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Matson Navigation Company, Inc.'s ("Matson") motion for certification for interlocutory appeal. Dkt. 51. After Matson filed that motion, the Court directed that the parties address whether the Court should instead consider whether to enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Minute Order (Jul. 20, 2020). Having reviewed the parties' submissions, the Court reaffirms its prior entry of final judgment in this matter. At the same time, however, the Court recognizes that the question of finality for purposes of appeal is a distinct question for the Court of Appeals and that the question is, in the unique circumstances of this case, not free from doubt. Accordingly, to promote clarity and efficiency, the Court will, in the alternative, enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Matson's challenge to Defendant Maritime Administration's ("MARAD") approval of the APL Guam as a replacement

vessel.  To the extent the Court of Appeals concludes that the Court's prior order is not final for purposes of 28 U.S.C. § 1291, this Court has jurisdiction to enter such an order, *see Kersh v. Gen. Council of Assemblies of God*, 804 F.2d 546, 547 n.1 (9th Cir. 1986), abrogated on other grounds, *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990) (en banc), and to the extent the Court of Appeals concludes that this Court's prior order is final, the entry of this alternative judgment can and should be disregarded.

## I.  BACKGROUND

Matson initiated this suit by filing a two-count complaint.  Dkt. 1.  Count I alleged that MARAD's approval of the APL Guam and the APL Saipan as replacement vessels under the Maritime Security Program ("MSP") was arbitrary and capricious in violation of the Administrative Procedure Act ("APA").  *Id.* at 23–27.  Count II alleged that MARAD's payments to Intervenor-Defendants APL Marine Services, Ltd. and APL Maritime, Ltd.'s (together "APL") of full MSP subsidies without pro rata reductions was also arbitrary and capricious in violation of the APA.  *Id.* at 27–28.  Matson subsequently moved for summary judgment, Dkt. 20; MARAD moved for partial dismissal due to lack of jurisdiction and cross-moved for summary judgment, Dkt. 24; and APL cross-moved for summary judgment, Dkt. 21.

The Court granted in part and denied in part Matson's motion for summary judgment, denied MARAD's and APL's cross-motions for summary judgment, and granted MARAD's motion to dismiss in part for lack of jurisdiction.  Dkt. 44.  The Court concluded that it lacked jurisdiction to consider Matson's challenge to MARAD's approval of the APL Guam as an MSP replacement vessel because the Hobbs Act vested exclusive jurisdiction in the Courts of Appeals.  *Id.* at 13–22.  But, at the same time, the Court concluded that it did have jurisdiction over Matson's challenge to MARAD's approval of the APL Saipan as a replacement vessel and held

2

that the agency's approval order "fail[ed] to satisfy basic APA requirements." *Id.* at 29.  In light of that holding, the Court permitted the parties to submit additional evidence and briefing addressing whether vacatur was appropriate and indicated that it would issue a final order after it made that determination.  *Id.* at 32–34.  Upon receipt of the parties' additional submissions, Dkt. 42; Dkt. 43; Dkt. 45, the Court concluded that vacatur was appropriate, Dkt. 48, and, on June 30, 2020, entered an order to that effect, Dkt. 49.  That Order stated: "This Order constitutes the final judgment of the Court within the meaning of Federal Rule of Civil Procedure 58(a)" and directed the Clerk of Court to terminate the case.  *Id.*

On July 17, 2020, Matson filed a Notice of Appeal, Dkt. 50, and, "as a protective measure," also filed a motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b),[1] Dkt. 51 at 4.  The Court subsequently ordered that the parties address "whether the Court can and should enter partial final judgment pursuant to Rule 54(b) with respect to Plaintiff's challenge to MARAD's 2015 order approving the APL Guam as a replacement vessel."  Minute Order (July 20, 2020).

## II.  ANALYSIS

The Court has already entered final judgment on all claims in this case.  *See* Dkt. 49; Dkt. 54 at 2–3; Dkt. 55 at 1.  In many cases, "orders remanding to an agency for further proceedings are not final." *Watkins Law & Advocacy, PLLC v. U.S. Dep't of Veterans Affairs*, No. 19-5341, 2020 WL 3002126, at *1 (D.C. Cir. Mar. 12, 2020); *N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008); *see Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) (collecting cases in which the court retained jurisdiction after "remand[ing] to the agency . . . to

---

[1] Matson represented that it "conferred with counsel for Defendants and counsel for Intervenors" concerning the motion, and that "each stated they took no position" on it.  Dkt. 51 at 4.

3

ensure that its instructions are followed"). In such cases, "[a]bsent entry of a partial final judgment under Federal Rule of Civil Procedure 54(b), the inclusion of a remand in the district court's order ordinarily renders the entire order non-final." *Watkins Law & Advocacy*, 2020 WL 3002126, at *1; *see also Am. Forest Res. Council v. Ashe*, 301 F.R.D. 14, 16 (D.D.C. 2014). At times, however, a court may both remand to the agency and enter final judgment. *See, e.g., Am. Hosp. Ass'n v. Azar*, No. 18-2084, 2019 WL 3037306, at *2 (D.D.C. Jul. 10, 2019) (revising its earlier retention of jurisdiction during remand to the agency and, instead, entering final judgment "[t]o afford the parties the opportunity for expedited review by the D.C. Circuit"); *Am. Hosp. Ass'n v. Azar*, No. 19-5048, 2020 WL 4378021, at *4 (D.C. Cir. Jul. 31, 2020) (explaining that the district court "remanded to the agency to come up with a remedy" and "then entered final judgment, paving the way for this appeal"). "[W]hen a court remands a case based on agency error *without* retaining jurisdiction, the case is terminated" and the "outcome on remand . . . can be challenged" through a new action. *SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 38 (D.C. Cir. 2016); *cf. Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005) (plaintiff's challenge to the agency's decision after remand "must be made in [the plaintiff's] separate APA action challenging [the agency's] post-remand decisions").

Here, the Court concluded that MARAD's order approving the APL Saipan as a replacement vessel was "seriously deficient in several fatal respects" and that, "[i]n seeking approval . . . on remand, APL will, at best, start from a blank slate." Dkt. 48 at 3, 5. It, accordingly, vacated the decision and remanded the case for further proceedings consistent with the Court's decision. The Court did not retain jurisdiction and did not provide the parties with any directions or timetables regarding any further proceedings. Dkt. 44; Dkt. 48; Dkt. 49; *see also Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (collecting cases in

which the D.C. Circuit vacated agency action without retaining jurisdiction). The Court thus left it to MARAD and APL on remand to consider (1) whether the agency could—or should—re-open the previous administrative proceeding or require APL to file an entirely new application; (2) whether APL might propose a different replacement vessel or different planned service by the same vessel; or (3) whether MARAD might turn to an alternative operator. In short, the Court merely "determine[d] that [the] agency made an error of law" and that its "inquiry [was] at an end." *Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005).

Because the Court vacated the only administrative order properly before it and did not retain jurisdiction or provide any instructions relating to the remand, and because there was nothing further to address in the case, the Court entered final judgment. Dkt. 49. To the extent the Court of Appeals concludes that the Court's entry of final judgment rendered its decision final for purposes of 28 U.S.C. § 1291, there is no reason to certify this case for *interlocutory* appeal or to enter *partial* final judgment; the judgement is final and appealable. The Court acknowledges, however, that "[w]hen appellate jurisdiction is at stake, what matters is the appellate court's assessment of finality, not the district court's," *Amarin Pharm. Ireland Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) (quoting *Franklin v. Dist. of Columbia*, 163 F.3d 625, 630 (D.C. Cir. 1998)), and recognizes that the question whether the Court's judgment is final for purposes of appellate jurisdiction is not free from doubt. All agree that, "[a]s a general rule, orders remanding to an agency for further proceedings are not final." *See Watkins Law & Advocacy*, 2020 WL 3002126, at *1. It is less clear, however, whether that "general rule" applies here, where the Court has expressly entered final judgment, has vacated the order at issue, has not retained jurisdiction, has not issued any instructions to MARAD regarding the remand, and has left it to MARAD to decide whether to continue the prior proceeding, to

institute a new proceeding, or to take an alternative approach to filling the vacant MSP slot. Given that uncertainty, and because there is no just reason why Matson's separate appeal of this Court's jurisdictional ruling should be delayed, the Court will enter, in the alternative, partial final judgment with respect to Matson's claims relating to the APL Guam.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . [but] only if the court expressly determines that there is no just reason for delay."  The requirements of Rule 54(b) are satisfied here.

The Court first concludes that Matson's challenge to MARAD's approval of the APL Guam as a replacement vessel constitutes a distinct claim from its challenge to MARAD's approval of the APL Saipan.  True, Matson's complaint did not assert separate counts based on MARAD's approval of the APL Guam and the APL Saipan but, rather, alleged in a single count that both decisions violated the APA.  *See* Dkt. 1.  But claim preclusion based on the APL Saipan would not bar the APL Guam claim from proceeding, and Matson would not have violated the rule against claim splitting had it brought its APL Guam and APL Saipan claims in separate actions.  *Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) (citing *Gold Seal Co. v. Weeks*, 209 F.2d 802, 809–10 (D.C. Cir. 1954); *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978)).  The two "wrong[s]" alleged based on the approval of the vessels are separate and give rise to distinct claims.  *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)).  The Court therefore concludes that Matson brought separate claims based on MARAD's approvals of the APL Guam and the APL Saipan.  *See Cassell v. Michaux*, 240 F.2d 406, 407 (D.C. Cir. 1956) ("[O]ne count of a complaint [can] include[] multiple claims.").

6

The Court further concludes that there is no just reason for delaying an appeal of its jurisdictional decision.  To start, the APL Guam claim is "separable from the other[] [claim] remaining to be adjudicated" and "the nature of [the APL Guam claim is] such that no appellate court [would] have to decide the same issues more than once even if there [were] subsequent appeals."  *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  Here, the Court reached the merits of Matson's APL Saipan claim, resolved that claim in Matson's favor, and remanded the matter to MARAD.  With respect to Matson's APL Guam claim, in contrast, the Court concluded that it lacked jurisdiction, bringing the matter to a close absent appellate review.  *See Am. Forest Res. Council*, 301 F.R.D. at 18 (explaining that its order meant that "unless and until [certain claims] are appealed, no further action will take place").  The two claims, moreover, are based on different MARAD decisions concerning different vessels.  MARAD approved the APL Guam as a replacement vessel almost five years ago, Dkt. 44 at 6, and, according to Matson, it has suffered a competitive disadvantage since that time, *id.* at 13.  And, most importantly, if the Court declines to enter partial final judgment (and the Court of Appeals concludes that the matter is otherwise not final for purposes of 28 U.S.C. § 1291), Matson might never have the opportunity to appeal the Court's decision; if, for example, APL withdraws its application for approval of the APL Saipan as a replacement vessel, it is unclear what path Matson could take to obtain appellate review of the this Court's jurisdictional holding.

The Court will, accordingly, enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Matson's challenge to MARAD's approval of the APL Guam as a replacement vessel.

7

Matson also asks that the Court certify its jurisdictional order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. 51 at 4–5. That provision explains that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

According to Matson, there is considerable room for disagreement on the question of the Court's jurisdiction over Matson's challenge to MARAD's approval of the APL Guam given the "dearth of precedent" on the issue. Dkt. 51 at 9 (quoting *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 97 (D.D.C. 2003)). The fact that the D.C. Circuit has not previously addressed a question does not, however, mean that "there is substantial ground for difference of opinion" regarding that question. In concluding that it did not have jurisdiction over MARAD's approval of the APL Guam, this Court relied on D.C. Circuit, Supreme Court, and consistent out-of-circuit precedent. Dkt. 44 at 13–22. Matson argues that both the Supreme Court's decision in *National Association of Manufacturers v. Department of Defense* ("*NAM*"), 138 S.Ct. 617 (2018), and MARAD's shifting litigation stance establish that "there is substantial ground for difference of opinion." Dkt. 51 at 10–11. But the Court considered *NAM* in reaching its decision and found Matson's arguments based on that case unconvincing. Dkt. 44 at 16–18. Nor does MARAD's evolving litigation position show that the question is a close one.

In any event, having entered final judgment and, in the alternative, partial final judgment in this matter, there is no need for the Court to certify its jurisdictional order for interlocutory appeal. Matson now has a belt for its suspenders; it does not need a sash to complete the ensemble.

8

**CONCLUSION**

For the reasons set forth, it is hereby **ORDERED** that Matson's motion for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED**.  The Court will, however, as an alternative form of judgment, enter partial final judgment pursuant to Rule 54(b) with respect to Matson's challenge to the MARAD's approval of the APL Guam as a replacement vessel and hereby certifies that there is no just reason for delaying Matson's appeal of that claim.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 19, 2020