APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–02751–RDM</u>
### *Internal Use Only*

| | |
|---|---|
| MATSON NAVIGATION COMPANY, INC. v. DEPARTMENT OF TRANSPORTATION et al | Date Filed: 11/27/2018 |
| Assigned to: Judge Randolph D. Moss | Date Terminated: 06/30/2020 |
| Case in other court:  USCA, 20–05219 | Jury Demand: None |
| Cause: 05:0701 Judicial Review of Agency Decision | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **MATSON NAVIGATION COMPANY, INC.** | represented by | **Joshua M. Wesneski** GIBSON, DUNN & CRUTCHER, LLP 1050 Connecticut Avenue, NW Suite 200 Washington, DC 20036 (202) 887–3598 Email: JWesneski@gibsondunn.com *ATTORNEY TO BE NOTICED* |
| | | **Rachel S. Brass** GIBSON, DUNN & CRUTCHER LLP. 555 Mission St. Suite 3000 San Francisco, CA 94105 (415)393–8200 Fax: (415)393–8306 Email: rbrass@gibsondunn.com *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Mark Andrew Perry** GIBSON, DUNN & CRUTCHER, LLP 1050 Connecticut Avenue, NW Suite 200 Washington, DC 20036 (202) 887–3667 Fax: (202) 530–9696 Email: mperry@gibsondunn.com *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **DEPARTMENT OF TRANSPORTATION** | represented by | **Joseph Evan Borson** U.S. DEPARTMENT OF JUSTICE |

1

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514–1944
Fax: (202) 616–8460
Email: joseph.borson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Hendry Baer**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 305–8573
Fax: (202) 616–8470
Email: michael.h.baer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **MARITIME ADMINISTRATION** | represented by | **Joseph Evan Borson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Hendry Baer**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **APL MARINE SERVICES, LTD.** | represented by | **Brian T Burgess**<br>GOODWIN PROCTER LLP<br>1900 N St NW<br>Washington, DC 20036<br>202) 346–4000<br>Fax: (202) 346–4444<br>Email: BBurgess@goodwinlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard Justin Cedrone**<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570–1000<br>Email: gcedrone@goodwinlaw.com<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **APL MARITIME, LTD.** | represented by | **Brian T Burgess**<br>(See above for address) |

2

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard Justin Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/27/2018 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–5809149) filed by MATSON NAVIGATION COMPANY, INC.. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit 10, # 16 Exhibit 11, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15, # 21 Exhibit 16, # 22 Exhibit 17, # 23 Exhibit 18, # 24 Exhibit 19, # 25 Exhibit 20, # 26 Exhibit 21, # 27 Exhibit 22, # 28 Exhibit 23, # 29 Exhibit 24, # 30 Exhibit 25, # 31 Exhibit 26, # 32 Exhibit 27)(Perry, Mark) (Entered: 11/27/2018) |
| 11/27/2018 | 2 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MATSON NAVIGATION COMPANY, INC. (Perry, Mark) (Entered: 11/27/2018) |
| 11/27/2018 | 3 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rachel S. Brass, :Firm– Gibson, Dunn & Crutcher LLP, :Address– 555 Mission Street, Suite 3000, San Francisco, CA 94105. Phone No. – (415) 393–8293. Fax No. – (415) 374–8429 Filing fee $ 100, receipt number 0090–5809238. Fee Status: Fee Paid. by MATSON NAVIGATION COMPANY, INC. (Attachments: # 1 Declaration of R. Brass)(Perry, Mark) (Entered: 11/27/2018) |
| 11/27/2018 | 4 | | NOTICE of Appearance by Joshua M. Wesneski on behalf of MATSON NAVIGATION COMPANY, INC. (Wesneski, Joshua) (Entered: 11/27/2018) |
| 11/28/2018 | | | Case Assigned to Judge Randolph D. Moss. (zrdj) (Entered: 11/28/2018) |
| 11/28/2018 | 5 | | SUMMONS (4) Issued Electronically as to DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zrdj) (Entered: 11/28/2018) |
| 11/28/2018 | 6 | | STANDING ORDER: The parties are hereby ORDERED to comply with the directives set forth in this Court's Standing Order. See document for details. Signed by Judge Randolph D. Moss on 11/28/2018. (lcrdm1, ) (Entered: 11/28/2018) |
| 12/12/2018 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 11/29/2018. Answer due for ALL FEDERAL DEFENDANTS by 1/28/2019. (Wesneski, Joshua) (Entered: 12/12/2018) |
| 12/12/2018 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 12/3/2018. (Wesneski, Joshua) (Entered: 12/12/2018) |

| 12/12/2018 | 9 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF TRANSPORTATION served on 12/3/2018; MARITIME ADMINISTRATION served on 12/4/2018 (Wesneski, Joshua) (Entered: 12/12/2018) |
| 12/12/2018 | | | MINUTE ORDER: Upon consideration of the Motion for Leave to Appear Pro Hac Vice, Dkt. 3 , it is hereby ORDERED that the motion is GRANTED. Rachel S. Brass may appear pro hac vice in this case. Signed by Judge Randolph D. Moss on 12/12/2018. (lcrdm2, ) (Entered: 12/12/2018) |
| 01/17/2019 | 10 | | NOTICE of Appearance by Joseph Evan Borson on behalf of DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Borson, Joseph) (Entered: 01/17/2019) |
| 01/17/2019 | 11 | | Unopposed MOTION to Stay *Proceedings in Light of Lapse in Appropriations* by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Attachments: # 1 Text of Proposed Order)(Borson, Joseph) (Entered: 01/17/2019) |
| 01/18/2019 | | | MINUTE ORDER: Upon consideration of Defendants' unopposed motion to stay, Dkt. 11 , it is hereby ORDERED that the motion is GRANTED. This case shall be stayed until further order of the Court. It is further ORDERED that the parties shall meet and confer and submit a revised briefing schedule as soon as Congress appropriates funding for the Department of Justice to resume work. Signed by Judge Randolph D. Moss on 1/18/2019. (lcrdm2, ) (Entered: 01/18/2019) |
| 01/25/2019 | 12 | | MOTION to Intervene by APL Marine Services, Ltd., APL Maritime, Ltd. (Attachments: # 1 LCvR 26.1 Certificate, # 2 Text of Proposed Order, # 3 Answer)(Burgess, Brian) (Entered: 01/25/2019) |
| 01/25/2019 | 13 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gerard J. Cedrone, :Firm– Goodwin Procter LLP, :Address– 100 Northern Avenue, Boston, MA 02210. Phone No. – 617–570–1000. Fax No. – 617–523–2131 Filing fee $ 100, receipt number 0090–5908643. Fee Status: Fee Paid. by APL Marine Services, Ltd., APL Maritime, Ltd. (Attachments: # 1 Declaration)(Burgess, Brian) (Entered: 01/25/2019) |
| 01/28/2019 | | | MINUTE ORDER: It is hereby ORDERED that Defendants shall respond to the motion to intervene, Dkt. 12 , on or before February 4, 2019, indicating their position with respect to the proposed intervention. Signed by Judge Randolph D. Moss on 1/28/2019. (lcrdm2, ) (Entered: 01/28/2019) |
| 01/28/2019 | | | MINUTE ORDER: Upon consideration of the motion for leave to appear pro hac vice, Dkt. 13 , it is hereby ORDERED that the motion is GRANTED. Gerard J. Cedrone may appear pro hac vice in this case. Signed by Judge Randolph D. Moss on 1/28/2019. (lcrdm2, ) (Entered: 01/28/2019) |
| 01/28/2019 | | | Set/Reset Deadlines: Defendants shall respond to the motion to intervene, Dkt. 12 , on or before 2/4/2019. (kt) (Entered: 01/28/2019) |
| 01/28/2019 | 14 | | NOTICE *to the Court of Restoration of Appropriations* by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION re Order on Motion to Stay, (Borson, Joseph) (Entered: 01/28/2019) |
| 01/29/2019 | 15 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE re 12 MOTION to Intervene filed by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Borson, Joseph) (Entered: 01/29/2019) |
| 01/29/2019 | 16 | | RESPONSE re 12 MOTION to Intervene filed by MATSON NAVIGATION COMPANY, INC.. (Perry, Mark) (Entered: 01/29/2019) |
| 01/31/2019 | | | MINUTE ORDER: Given that funding has been restored for the Department of Justice, it is hereby ORDERED that the stay in this case is lifted. It is further ORDERED that the parties shall meet and confer and submit a revised briefing schedule on or before Friday, February 1, 2019. Signed by Judge Randolph D. Moss on 1/31/2019. (lcrdm2, ) (Entered: 01/31/2019) |
| 01/31/2019 | | | Set/Reset Deadlines: The parties shall meet and confer and submit a revised briefing schedule on or before 2/1/2019. (kt) (Entered: 01/31/2019) |
| 02/01/2019 | 17 | | PROPOSED BRIEFING SCHEDULE re Order, by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Borson, Joseph) (Entered: 02/01/2019) |
| 02/06/2019 | | | MINUTE ORDER: In light of the parties' non–opposition, it is hereby ORDERED that the motion to intervene, Dkt. 12, is hereby GRANTED. APL Marine Services, Ltd., APL Maritime, Ltd. shall be permitted to intervene as Defendants in this action. Upon consideration of the proposed briefing schedule, Dkt. 17, it is FURTHER ORDERED that the following briefing schedule shall govern: (1) Federal Defendants shall answer or otherwise respond to the complaint on or before February 28, 2019; (2) Federal Defendants shall provide the administrative record to the parties and shall file a certified list of the contents of the administrative record with the Court in accordance with LCvR 7(n) on or before March 15, 2019; (3) Plaintiff shall file a motion for summary judgment on or before March 22, 2019; (4) Federal Defendants and Intervenor–Defendants shall file their oppositions to Plaintiffs motion for summary judgment and cross–motions for summary judgment on or before April 19, 2019; (5) Plaintiff shall file its reply in support of its motion for summary judgment and opposition to Federal Defendant and Intervenor–Defendants' cross–motions for summary judgment on or before May 10, 2019; (6) Federal Defendants and Intervenor–Defendants shall file their replies in support of their motions for summary judgement on or before May 24, 2019; and (7) The parties shall file the appendix pursuant to LCvR 7(n)(1) and (2) on or before June 7, 2019. Signed by Judge Randolph D. Moss on 2/6/2019. (lcrdm2, ) (Entered: 02/06/2019) |
| 02/06/2019 | | | Set/Reset Deadlines: Answer due by 2/28/2019. Administrative Record due by 3/15/2019. Plaintiff's Summary Judgment Motion due by 3/22/2019. Response to Motion for Summary Judgment due by 4/19/2019. Reply to Motion for Summary Judgment due by 5/10/2019. Federal Defendants and Intervenor–Defendants Cross Motions due by 4/19/2019. Response to Cross Motions due by 5/10/2019. Reply to Cross Motions due by 5/24/2019. Joint Appendix due by 6/7/2019. (dot) (Entered: 02/07/2019) |
| 02/28/2019 | 18 | | ANSWER to Complaint by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION.(Borson, Joseph) (Entered: 02/28/2019) |
| 03/15/2019 | 19 | | NOTICE *of Filing a Certified List of the Contents of the Administrative Record* by DEPARTMENT OF TRANSPORTATION, MARITIME |

| | | | ADMINISTRATION (Borson, Joseph) (Entered: 03/15/2019) |
|---|---|---|---|
| 03/22/2019 | 20 | | MOTION for Summary Judgment by MATSON NAVIGATION COMPANY, INC. (Attachments: # 1 Statement of Facts Pursuant to Local Rule 7(h), # 2 Affidavit of J. Wine, # 3 Text of Proposed Order)(Perry, Mark) (Entered: 03/22/2019) |
| 04/19/2019 | 21 | | Cross MOTION for Summary Judgment by APL MARINE SERVICES, LTD., APL MARITIME, LTD. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of John Abrams, # 4 Exhibit 1 to Abrams Declaration, # 5 Exhibit 2 to Abrams Declaration, # 6 Exhibit 3 to Abrams Declaration, # 7 Exhibit 4 to Abrams Declaration, # 8 Exhibit 5 to Abrams Declaration, # 9 Exhibit 6 to Abrams Declaration, # 10 Exhibit 7 to Abrams Declaration, # 11 Exhibit 8to Abrams Declaration, # 12 Text of Proposed Order)(Burgess, Brian) (Entered: 04/19/2019) |
| 04/19/2019 | 22 | | Memorandum in opposition to re 20 MOTION for Summary Judgment filed by APL MARINE SERVICES, LTD., APL MARITIME, LTD.. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of John Abrams, # 4 Exhibit 1 to Abrams Declaration, # 5 Exhibit 2 to Abrams Declaration, # 6 Exhibit 3 to Abrams Declaration, # 7 Exhibit 4 to Abrams Declaration, # 8 Exhibit 5 to Abrams Declaration, # 9 Exhibit 6 to Abrams Declaration, # 10 Exhibit 7 to Abrams Declaration, # 11 Exhibit 8 to Abrams Declaration, # 12 Text of Proposed Order)(Burgess, Brian) (Entered: 04/19/2019) |
| 04/19/2019 | 23 | | Memorandum in opposition to re 20 MOTION for Summary Judgment filed by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Attachments: # 1 Text of Proposed Order, # 2 Statement of Facts (Response))(Borson, Joseph) (Entered: 04/19/2019) |
| 04/19/2019 | 24 | | Partial MOTION to Dismiss for Lack of Jurisdiction , Cross MOTION for Summary Judgment by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Borson, Joseph) (Entered: 04/19/2019) |
| 05/10/2019 | 25 | | REPLY to opposition to motion re 20 MOTION for Summary Judgment filed by MATSON NAVIGATION COMPANY, INC.. (Attachments: # 1 Statement of Facts)(Perry, Mark) (Entered: 05/10/2019) |
| 05/10/2019 | 26 | | RESPONSE re 24 Partial MOTION to Dismiss for Lack of Jurisdiction Cross MOTION for Summary Judgment , 21 Cross MOTION for Summary Judgment filed by MATSON NAVIGATION COMPANY, INC.. (Attachments: # 1 Statement of Facts)(Perry, Mark) (Entered: 05/10/2019) |
| 05/13/2019 | 27 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 Partial MOTION to Dismiss for Lack of Jurisdiction Cross MOTION for Summary Judgment by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Attachments: # 1 Text of Proposed Order)(Borson, Joseph) (Entered: 05/13/2019) |
| 05/13/2019 | | | MINUTE ORDER: Upon consideration of Federal Defendants' unopposed motion for an extension of time, Dkt. 27, it is hereby ORDERED that the motion is GRANTED. Federal Defendants and Intervenor–Defendants shall file their reply briefs on or before May 31, 2019 and the parties shall file the appendix |

| | | | |
|---|---|---|---|
| | | | pursuant to LCvR 7(n)(1) and (2) on or before June 14, 2019. Signed by Judge Randolph D. Moss on 5/13/2019. (lcrdm2, ) (Entered: 05/13/2019) |
| 05/14/2019 | | | Set/Reset Deadlines: Federal Defendants and Intervenor–Defendants shall file their reply briefs on or before 5/31/2019; Appendix due on or before 6/14/2019. (kt) (Entered: 05/14/2019) |
| 05/31/2019 | 28 | | REPLY to opposition to motion re 24 Partial MOTION to Dismiss for Lack of Jurisdiction Cross MOTION for Summary Judgment filed by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Borson, Joseph) (Entered: 05/31/2019) |
| 05/31/2019 | 29 | | REPLY to opposition to motion re 21 Cross MOTION for Summary Judgment filed by APL MARINE SERVICES, LTD., APL MARITIME, LTD.. (Burgess, Brian) (Entered: 05/31/2019) |
| 06/13/2019 | 30 | | JOINT APPENDIX *Volumes I and II* by MATSON NAVIGATION COMPANY, INC.. (Attachments: # 1 Appendix Volume II)(Perry, Mark) (Entered: 06/13/2019) |
| 01/22/2020 | | | MINUTE ORDER: The parties are hereby ORDERED to comply with the terms of the Court's revised standing order, which is available on the Court's website. Click for details. Signed by Judge Randolph D. Moss on 1/22/20. (lcrdm1) (Entered: 01/22/2020) |
| 03/24/2020 | | | MINUTE ORDER: Upon consideration of Plaintiff's motion for summary judgment, Dkt. 20 , Intervenors' cross–motion for summary judgment, Dkt. 21 , and the federal Defendants opposition and partial motion to dismiss, Dkt. 24 , the Court concludes that oral argument would be beneficial. Accordingly, it is hereby ORDERED that the parties shall appear on May 29, 2020 at 10:00 a.m. in Courtroom 21 before Judge Randolph D. Moss for oral argument on the motions. Signed by Judge Randolph D. Moss on 3/24/2020. (lcrdm1) (Entered: 03/24/2020) |
| 04/17/2020 | | | MINUTE ORDER: Upon consideration of the parties' summary judgment briefs, it is hereby ORDERED that the parties shall submit supplemental briefing on the issue of the Court's jurisdiction over Plaintiff's challenge to the 2015 eligibility determination. The following schedule shall govern the briefing: Defendant MARAD shall file its brief on or before April 27, 2020; Plaintiff shall file its response on or before May 4, 2020; and Defendant MARAD shall file its reply on or before May 8, 2020. The initial brief and response shall be limited to ten pages each; the reply shall be no longer than five pages.The parties shall answer the following question: If the Court were to conclude that the 2015 order approving APL Guam as a replacement was issued pursuant to section 50501 because of its explicit reliance on that section and was also issued pursuant to section 53105(f), do the courts of appeals have exclusive jurisdiction or concurrent jurisdiction with the district courts to review that order? In other words, where an agency action is made pursuant to multiple statutory provisions, including one that triggers exclusive jurisdiction in the courts of appeals and another that does not, do the courts of appeals have exclusive jurisdiction or concurrent jurisdiction with the district courts to review that action? The Court notes that this scenario is not presented in *National Association of Manufacturers v. Department of Defense*, 138 S. Ct. 617 (2018), in which the Supreme Court concluded that the agency action was not taken |

| | | | |
|---|---|---|---|
| | | | pursuant to an authority that triggered the exclusive jurisdiction of the courts of appeals. *Id.* at 62832. The parties are encouraged to address *International Brotherhood of Teamsters v. Pena*, 17 F.3d 1478, 1482 (D.C. Cir. 1994) (discussing the "four possible treatments of these dual authority cases" but declining to endorse a specific approach because the case was brought in the court of appeals), *Media Access Project v. FCC*, 883 F.2d 1063, 106669 (D.C. Cir. 1989), and any other cases that deal with this question. It is further ORDERED that the telephonic oral argument originally scheduled for May 29, 2020 is hereby VACATED and RESCHEDULED for May 18, 2020 at 10:00 a.m. Signed by Judge Randolph D. Moss on 4/17/2020. (lcrdm1) (Entered: 04/17/2020) |
| 04/20/2020 | 31 | | NOTICE of Appearance by Michael Hendry Baer on behalf of DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Baer, Michael) (Entered: 04/20/2020) |
| 04/20/2020 | 32 | | Unopposed MOTION for Extension of Time to *File Supplemental Brief and to Reschedule Oral Argument* by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION (Attachments: # 1 Text of Proposed Order)(Baer, Michael) (Entered: 04/20/2020) |
| 04/20/2020 | | | MINUTE ORDER: Upon consideration of Federal Defendants' motion for an extension of time and to reschedule oral argument, Dkt. 32 , it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. It is further ORDERED that the previously ordered briefing schedule on the jurisdictional issue, Minute Order (Apr. 17, 2020), is hereby VACATED. It is further ORDERED that Plaintiff and the Federal Defendants shall simultaneously exchange briefs of no more than ten pages each on or before May 15, 2020, answering the question posed in the Court's April 17, 2020 minute order. It is further ORDERED that the telephonic oral argument scheduled for May 18, 2020 is hereby VACATED and RESCHEDULED for May 21, 2020 at 10:00 a.m. Signed by Judge Randolph D. Moss on 4/20/2020. (lcrdm1) (Entered: 04/20/2020) |
| 05/15/2020 | 33 | | SUPPLEMENTAL MEMORANDUM re Minute Order, Minute Order on Motion for Extension of Time by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Borson, Joseph) Modified event title and text on 5/19/2020 (znmw). (Entered: 05/15/2020) |
| 05/15/2020 | 34 | | SUPPLEMENTAL MEMORANDUM re Minute Order, Minute Order on Motion for Extension of Time by MATSON NAVIGATION COMPANY, INC.. (Perry, Mark) Modified event title and text on 5/19/2020 (znmw). (Entered: 05/15/2020) |
| 05/20/2020 | 35 | | NOTICE *of Demonstrative Exhibit* by MATSON NAVIGATION COMPANY, INC. (Attachments: # 1 Exhibit)(Perry, Mark) (Entered: 05/20/2020) |
| 05/21/2020 | | | Minute Entry for proceedings held before Judge Randolph D. Moss: Telephonic Motion Hearing held on 5/21/2020 re: 24 Partial MOTION to Dismiss for Lack of Jurisdiction Cross MOTION for Summary Judgment filed by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION, 21 Cross MOTION for Summary Judgment filed by APL MARITIME, LTD., APL MARINE SERVICES, LTD., 20 MOTION for Summary Judgment filed by MATSON NAVIGATION COMPANY, INC. The parties, and the Court, |

| | | |
|---|---|---|
| | | appeared via telephone. MATTER TAKEN UNDER ADVISEMENT. (Court Reporter: Jeff Hook.) (kt) (Entered: 05/21/2020) |
| 05/22/2020 | 36 | RESPONSE re SUPPLEMENTAL AUTHORITY by MATSON NAVIGATION COMPANY, INC. (Perry, Mark) Modified event title on 5/26/2020 (znmw). (Entered: 05/22/2020) |
| 05/23/2020 | 37 | RESPONSE re SUPPLEMENTAL AUTHORITY filed by APL MARINE SERVICES, LTD., APL MARITIME, LTD.. (Burgess, Brian) Modified on 5/26/2020 (znmw). (Entered: 05/23/2020) |
| 05/30/2020 | 38 | MEMORANDUM OPINION granting in part and denying in part Plaintiff's motion for summary judgment, Dkt. 20, denying APL's and MARAD's cross−motions for summary judgment, Dkt. 21; Dkt. 24, and granting MARAD's partial motion to dismiss for lack of jurisdiction, Dkt. 24. See document for details. Signed by Judge Randolph D. Moss on 5/30/2020. (lcrdm) (Entered: 05/30/2020) |
| 06/01/2020 | 39 | ORDER granting in part and denying in part Plaintiff's motion for for summary judgment; denying Intervenor−Defendants' motion for summary judgment; denying Defendants' motion for summary judgment; and granting Defendants' motion for partial dismissal. See Memorandum Opinion, Dkt. 38, for details. Signed by Judge Randolph D. Moss on 6/1/2020. (lcrdm1). (Entered: 06/01/2020) |
| 06/03/2020 | 40 | MOTION to Clarify by APL MARINE SERVICES, LTD., APL MARITIME, LTD. (Burgess, Brian) (Entered: 06/03/2020) |
| 06/04/2020 | | MINUTE ORDER: Upon consideration of Intervenor−Defendants' motion for clarification, Dkt. 40 , it is hereby ORDERED that Intervenor−Defendant APL may submit ten total pages, including three pages of exhibits, as evidence and briefing in support of its position that remand should be without vacatur. It is further ORDERED that both Matson's and MARAD's submissions may also total ten pages each, if those parties so desire. Signed by Judge Randolph D. Moss on 6/4/2020. (lcrdm1) (Entered: 06/04/2020) |
| 06/04/2020 | 41 | TRANSCRIPT OF TELEPHONIC MOTION HEARING before Judge Randolph D. Moss held on May 21, 2020. Page Numbers: 1 − 109. Date of Issuance: June 4, 2020. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter r eferenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 6/25/2020. Redacted Transcript Deadline set for 7/5/2020. Release of Transcript Restriction set for 9/2/2020.(Hook, Jeff) (Entered: 06/04/2020) |
| 06/05/2020 | 42 | | SUPPLEMENTAL MEMORANDUM re 38 Order on Motion for Summary Judgment,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,, Set/Reset Deadlines, 39 Order, by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION. (Attachments: # 1 Declaration of Wiliam G. McDonald)(Borson, Joseph) Modified event title on 6/10/2020 (znmw). (Entered: 06/05/2020) |
| 06/05/2020 | 43 | | SUPPLEMENTAL MEMORANDUM re 39 Order, 38 Order on Motion for Summary Judgment,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,, Set/Reset Deadlines, by APL MARINE SERVICES, LTD., APL MARITIME, LTD.. (Attachments: # 1 Declaration of Eric L. Mensing, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Burgess, Brian) Modified event title on 6/10/2020 (znmw). (Entered: 06/05/2020) |
| 06/12/2020 | 44 | | AMENDED MEMORANDUM OPINION correcting misattribution of an argument on page 33 of the Court's May 30, 2020 Memorandum Opinion. See document for details. Signed by Judge Randolph D. Moss on 6/12/2020. (lcrdm1) Modified on 6/12/2020 to edit document type as "opinion" (kt). (Main Document 44 replaced on 6/22/2020 to correct typo) (kt). (Entered: 06/12/2020) |
| 06/12/2020 | 45 | | SUPPLEMENTAL MEMORANDUM re 38 Order on Motion for Summary Judgment,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,, Set/Reset Deadlines, 39 Order, by MATSON NAVIGATION COMPANY, INC.. (Attachments: # 1 Declaration Declaration of John Lauer)(Perry, Mark) Modified event title on 6/15/2020 (znmw). (Entered: 06/12/2020) |
| 06/17/2020 | 46 | | NOTICE OF SUPPLEMENTAL AUTHORITY by APL MARINE SERVICES, LTD., APL MARITIME, LTD. (Burgess, Brian) (Entered: 06/17/2020) |
| 06/17/2020 | 47 | | RESPONSE re 46 NOTICE OF SUPPLEMENTAL AUTHORITY filed by MATSON NAVIGATION COMPANY, INC.. (Perry, Mark) (Entered: 06/17/2020) |
| 06/30/2020 | 48 | | MEMORANDUM OPINION vacating MARAD's 2016 Approval Order and remanding to MARAD. See document for details. Signed by Judge Randolph D. Moss on 6/30/2020. (lcrdm1) Modified on 6/30/2020 to change document type to "opinion" (kt). (Entered: 06/30/2020) |
| 06/30/2020 | 49 | | ORDER vacating MARAD's 2016 Approval Order and remanding to MARAD. See document for details. Signed by Judge Randolph D. Moss on 6/30/2020. (lcrdm1) (Entered: 06/30/2020) |
| 07/17/2020 | 50 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 44 Order, 38 Order on Motion for Summary Judgment,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,, Set/Reset Deadlines, 49 Order, 39 Order, by MATSON NAVIGATION COMPANY, INC.. Filing fee $ 505, receipt number ADCDC−7355830. Fee Status: Fee Paid. Parties have been notified. (Perry, Mark) (Entered: 07/17/2020) |
| 07/17/2020 | 51 | | MOTION for Certification for interlocutory appeal by MATSON NAVIGATION COMPANY, INC. (Perry, Mark) (Entered: 07/17/2020) |

| 07/20/2020 | 52 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date 07/17/2020 re 50 Notice of Appeal to DC Circuit Court,. (ztd) (Entered: 07/20/2020) |
| 07/20/2020 | | | MINUTE ORDER: Upon consideration of Matson's motion for certification for interlocutory appeal, Dkt. 51 , it is hereby ORDERED that the parties shall each file, on or before July 27, 2020, a notice to the Court addressing whether the Court can and should enter partial final judgment pursuant to Rule 54(b) with respect to Plaintiff's challenge to MARAD's 2015 order approving the APL Guam as a replacement vessel. Each party's filing is not to exceed ten pages. Signed by Judge Randolph D. Moss on 7/20/2020. (lcrdm1) (Entered: 07/20/2020) |
| 07/23/2020 | | | USCA Case Number 20–5219 for 50 Notice of Appeal to DC Circuit Court, filed by MATSON NAVIGATION COMPANY, INC. (zrdj) (Entered: 07/23/2020) |
| 07/23/2020 | 53 | | SUPPLEMENTAL MEMORANDUM to re Order,,, Set Deadlines,, filed by MATSON NAVIGATION COMPANY, INC.. (Perry, Mark) (Entered: 07/23/2020) |
| 07/27/2020 | 54 | | NOTICE *to the Court of Defendants' Position on the Applicability of Rule 54(b)* by DEPARTMENT OF TRANSPORTATION, MARITIME ADMINISTRATION re Order,,, Set Deadlines,, (Borson, Joseph) (Entered: 07/27/2020) |
| 07/27/2020 | 55 | | NOTICE by APL MARINE SERVICES, LTD., APL MARITIME, LTD. re Order,,, Set Deadlines,, (Burgess, Brian) (Entered: 07/27/2020) |
| 08/19/2020 | 56 | | MEMORANDUM OPINION AND ORDER denying Matson's Motion for Certificate of Appealability under 28 U.S.C. 1292(b), Dkt. 51 , and, in the alternative, entering partial final judgment pursuant to Rule 54(b) and certifying that there is no just reason for delay of an appeal. See document for details. Signed by Judge Randolph D. Moss on 8/19/2020. (lcrdm1) Modified on 8/19/2020 to edit document type to "opinion" (kt). (Entered: 08/19/2020) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| MATSON NAVIGATION COMPANY, INC., |
| *Plaintiff*, |
| v. |
| U.S. DEPARTMENT OF TRANSPORTATION, *et al.*, |
| *Defendants*, |
| and |
| APL MARINE SERVICES, LTD., *et al.*, |
| *Intervenor-Defendants.* |

Civil Action No. 18-2751 (RDM)

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Matson Navigation Company, Inc.'s ("Matson") motion for certification for interlocutory appeal. Dkt. 51. After Matson filed that motion, the Court directed that the parties address whether the Court should instead consider whether to enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Minute Order (Jul. 20, 2020). Having reviewed the parties' submissions, the Court reaffirms its prior entry of final judgment in this matter. At the same time, however, the Court recognizes that the question of finality for purposes of appeal is a distinct question for the Court of Appeals and that the question is, in the unique circumstances of this case, not free from doubt. Accordingly, to promote clarity and efficiency, the Court will, in the alternative, enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Matson's challenge to Defendant Maritime Administration's ("MARAD") approval of the APL Guam as a replacement

vessel.  To the extent the Court of Appeals concludes that the Court's prior order is not final for purposes of 28 U.S.C. § 1291, this Court has jurisdiction to enter such an order, *see Kersh v. Gen. Council of Assemblies of God*, 804 F.2d 546, 547 n.1 (9th Cir. 1986), abrogated on other grounds, *Hollinger v. Titan Capital Corp*., 914 F.2d 1564 (9th Cir. 1990) (en banc), and to the extent the Court of Appeals concludes that this Court's prior order is final, the entry of this alternative judgment can and should be disregarded.

## I.  BACKGROUND

Matson initiated this suit by filing a two-count complaint.  Dkt. 1.  Count I alleged that MARAD's approval of the APL Guam and the APL Saipan as replacement vessels under the Maritime Security Program ("MSP") was arbitrary and capricious in violation of the Administrative Procedure Act ("APA").  *Id.* at 23–27.  Count II alleged that MARAD's payments to Intervenor-Defendants APL Marine Services, Ltd. and APL Maritime, Ltd.'s (together "APL") of full MSP subsidies without pro rata reductions was also arbitrary and capricious in violation of the APA.  *Id.* at 27–28.  Matson subsequently moved for summary judgment, Dkt. 20; MARAD moved for partial dismissal due to lack of jurisdiction and cross-moved for summary judgment, Dkt. 24; and APL cross-moved for summary judgment, Dkt. 21.

The Court granted in part and denied in part Matson's motion for summary judgment, denied MARAD's and APL's cross-motions for summary judgment, and granted MARAD's motion to dismiss in part for lack of jurisdiction.  Dkt. 44.  The Court concluded that it lacked jurisdiction to consider Matson's challenge to MARAD's approval of the APL Guam as an MSP replacement vessel because the Hobbs Act vested exclusive jurisdiction in the Courts of Appeals. *Id.* at 13–22.  But, at the same time, the Court concluded that it did have jurisdiction over Matson's challenge to MARAD's approval of the APL Saipan as a replacement vessel and held

2

that the agency's approval order "fail[ed] to satisfy basic APA requirements." *Id.* at 29.  In light

of that holding, the Court permitted the parties to submit additional evidence and briefing

addressing whether vacatur was appropriate and indicated that it would issue a final order after it

made that determination.  *Id.* at 32–34.  Upon receipt of the parties' additional submissions, Dkt.

42; Dkt. 43; Dkt. 45, the Court concluded that vacatur was appropriate, Dkt. 48, and, on June 30,

2020, entered an order to that effect, Dkt. 49.  That Order stated: "This Order constitutes the final

judgment of the Court within the meaning of Federal Rule of Civil Procedure 58(a)" and directed

the Clerk of Court to terminate the case.  *Id.*

On July 17, 2020, Matson filed a Notice of Appeal, Dkt. 50, and, "as a protective

measure," also filed a motion for certification for interlocutory appeal pursuant to 28 U.S.C.

§ 1292(b),[1] Dkt. 51 at 4.  The Court subsequently ordered that the parties address "whether the

Court can and should enter partial final judgment pursuant to Rule 54(b) with respect to

Plaintiff's challenge to MARAD's 2015 order approving the APL Guam as a replacement

vessel."  Minute Order (July 20, 2020).

## II.  ANALYSIS

The Court has already entered final judgment on all claims in this case.  *See* Dkt. 49; Dkt.

54 at 2–3; Dkt. 55 at 1.  In many cases, "orders remanding to an agency for further proceedings

are not final."  *Watkins Law & Advocacy, PLLC v. U.S. Dep't of Veterans Affairs*, No. 19-5341,

2020 WL 3002126, at *1 (D.C. Cir. Mar. 12, 2020); *N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 550

F.3d 16, 19 (D.C. Cir. 2008); *see Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001)

(collecting cases in which the court retained jurisdiction after "remand[ing] to the agency . . . to

---

[1]  Matson represented that it "conferred with counsel for Defendants and counsel for Intervenors" concerning the motion, and that "each stated they took no position" on it.  Dkt. 51 at 4.

ensure that its instructions are followed"). In such cases, "[a]bsent entry of a partial final judgment under Federal Rule of Civil Procedure 54(b), the inclusion of a remand in the district court's order ordinarily renders the entire order non-final." *Watkins Law & Advocacy*, 2020 WL 3002126, at *1; *see also Am. Forest Res. Council v. Ashe*, 301 F.R.D. 14, 16 (D.D.C. 2014). At times, however, a court may both remand to the agency and enter final judgment. *See, e.g., Am. Hosp. Ass'n v. Azar*, No. 18-2084, 2019 WL 3037306, at *2 (D.D.C. Jul. 10, 2019) (revising its earlier retention of jurisdiction during remand to the agency and, instead, entering final judgment "[t]o afford the parties the opportunity for expedited review by the D.C. Circuit"); *Am. Hosp. Ass'n v. Azar*, No. 19-5048, 2020 WL 4378021, at *4 (D.C. Cir. Jul. 31, 2020) (explaining that the district court "remanded to the agency to come up with a remedy" and "then entered final judgment, paving the way for this appeal"). "[W]hen a court remands a case based on agency error *without* retaining jurisdiction, the case is terminated" and the "outcome on remand . . . can be challenged" through a new action. *SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 38 (D.C. Cir. 2016); *cf. Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005) (plaintiff's challenge to the agency's decision after remand "must be made in [the plaintiff's] separate APA action challenging [the agency's] post-remand decisions").

Here, the Court concluded that MARAD's order approving the APL Saipan as a replacement vessel was "seriously deficient in several fatal respects" and that, "[i]n seeking approval . . . on remand, APL will, at best, start from a blank slate." Dkt. 48 at 3, 5. It, accordingly, vacated the decision and remanded the case for further proceedings consistent with the Court's decision. The Court did not retain jurisdiction and did not provide the parties with any directions or timetables regarding any further proceedings. Dkt. 44; Dkt. 48; Dkt. 49; *see also Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (collecting cases in

4

which the D.C. Circuit vacated agency action without retaining jurisdiction).  The Court thus left
it to MARAD and APL on remand to consider (1) whether the agency could—or should—re-
open the previous administrative proceeding or require APL to file an entirely new application;
(2) whether APL might propose a different replacement vessel or different planned service by the
same vessel; or (3) whether MARAD might turn to an alternative operator.  In short, the Court
merely "determine[d] that [the] agency made an error of law" and that its "inquiry [was] at an
end."  *Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005).

      Because the Court vacated the only administrative order properly before it and did not
retain jurisdiction or provide any instructions relating to the remand, and because there was
nothing further to address in the case, the Court entered final judgment. Dkt. 49.  To the extent
the Court of Appeals concludes that the Court's entry of final judgment rendered its decision
final for purposes of 28 U.S.C. § 1291, there is no reason to certify this case for *interlocutory*
appeal or to enter *partial* final judgment; the judgement is final and appealable.  The Court
acknowledges, however, that "[w]hen appellate jurisdiction is at stake, what matters is the
appellate court's assessment of finality, not the district court's," *Amarin Pharm. Ireland Ltd. v.
FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) (quoting *Franklin v. Dist. of Columbia*, 163 F.3d
625, 630 (D.C. Cir. 1998)), and recognizes that the question whether the Court's judgment is
final for purposes of appellate jurisdiction is not free from doubt.  All agree that, "[a]s a general
rule, orders remanding to an agency for further proceedings are not final."  *See Watkins Law &
Advocacy*, 2020 WL 3002126, at *1.  It is less clear, however, whether that "general rule"
applies here, where the Court has expressly entered final judgment, has vacated the order at
issue, has not retained jurisdiction, has not issued any instructions to MARAD regarding the
remand, and has left it to MARAD to decide whether to continue the prior proceeding, to

institute a new proceeding, or to take an alternative approach to filling the vacant MSP slot. Given that uncertainty, and because there is no just reason why Matson's separate appeal of this Court's jurisdictional ruling should be delayed, the Court will enter, in the alternative, partial final judgment with respect to Matson's claims relating to the APL Guam.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . [but] only if the court expressly determines that there is no just reason for delay." The requirements of Rule 54(b) are satisfied here.

The Court first concludes that Matson's challenge to MARAD's approval of the APL Guam as a replacement vessel constitutes a distinct claim from its challenge to MARAD's approval of the APL Saipan. True, Matson's complaint did not assert separate counts based on MARAD's approval of the APL Guam and the APL Saipan but, rather, alleged in a single count that both decisions violated the APA. *See* Dkt. 1. But claim preclusion based on the APL Saipan would not bar the APL Guam claim from proceeding, and Matson would not have violated the rule against claim splitting had it brought its APL Guam and APL Saipan claims in separate actions. *Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) (citing *Gold Seal Co. v. Weeks*, 209 F.2d 802, 809–10 (D.C. Cir. 1954); *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978)). The two "wrong[s]" alleged based on the approval of the vessels are separate and give rise to distinct claims. *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)). The Court therefore concludes that Matson brought separate claims based on MARAD's approvals of the APL Guam and the APL Saipan. *See Cassell v. Michaux*, 240 F.2d 406, 407 (D.C. Cir. 1956) ("[O]ne count of a complaint [can] include[] multiple claims.").

The Court further concludes that there is no just reason for delaying an appeal of its jurisdictional decision.  To start, the APL Guam claim is "separable from the other[] [claim] remaining to be adjudicated" and "the nature of [the APL Guam claim is] such that no appellate court [would] have to decide the same issues more than once even if there [were] subsequent appeals."  *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 806 (D.C. Cir. 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  Here, the Court reached the merits of Matson's APL Saipan claim, resolved that claim in Matson's favor, and remanded the matter to MARAD.  With respect to Matson's APL Guam claim, in contrast, the Court concluded that it lacked jurisdiction, bringing the matter to a close absent appellate review.  *See Am. Forest Res. Council*, 301 F.R.D. at 18 (explaining that its order meant that "unless and until [certain claims] are appealed, no further action will take place").  The two claims, moreover, are based on different MARAD decisions concerning different vessels.  MARAD approved the APL Guam as a replacement vessel almost five years ago, Dkt. 44 at 6, and, according to Matson, it has suffered a competitive disadvantage since that time, *id.* at 13.  And, most importantly, if the Court declines to enter partial final judgment (and the Court of Appeals concludes that the matter is otherwise not final for purposes of 28 U.S.C. § 1291), Matson might never have the opportunity to appeal the Court's decision; if, for example, APL withdraws its application for approval of the APL Saipan as a replacement vessel, it is unclear what path Matson could take to obtain appellate review of the this Court's jurisdictional holding.

The Court will, accordingly, enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Matson's challenge to MARAD's approval of the APL Guam as a replacement vessel.

Matson also asks that the Court certify its jurisdictional order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Dkt. 51 at 4–5.  That provision explains that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

According to Matson, there is considerable room for disagreement on the question of the Court's jurisdiction over Matson's challenge to MARAD's approval of the APL Guam given the "dearth of precedent" on the issue.  Dkt. 51 at 9 (quoting *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 97 (D.D.C. 2003)).  The fact that the D.C. Circuit has not previously addressed a question does not, however, mean that "there is substantial ground for difference of opinion" regarding that question.  In concluding that it did not have jurisdiction over MARAD's approval of the APL Guam, this Court relied on D.C. Circuit, Supreme Court, and consistent out-of-circuit precedent.  Dkt. 44 at 13–22.  Matson argues that both the Supreme Court's decision in *National Association of Manufacturers v. Department of Defense* ("*NAM*"), 138 S.Ct. 617 (2018), and MARAD's shifting litigation stance establish that "there is substantial ground for difference of opinion."  Dkt. 51 at 10–11.  But the Court considered *NAM* in reaching its decision and found Matson's arguments based on that case unconvincing.  Dkt. 44 at 16–18.  Nor does MARAD's evolving litigation position show that the question is a close one.

In any event, having entered final judgment and, in the alternative, partial final judgment in this matter, there is no need for the Court to certify its jurisdictional order for interlocutory appeal.  Matson now has a belt for its suspenders; it does not need a sash to complete the ensemble.

**CONCLUSION**

For the reasons set forth, it is hereby **ORDERED** that Matson's motion for certification

pursuant to 28 U.S.C. § 1292(b) is **DENIED**.  The Court will, however, as an alternative form of

judgment, enter partial final judgment pursuant to Rule 54(b) with respect to Matson's challenge

to the MARAD's approval of the APL Guam as a replacement vessel and hereby certifies that

there is no just reason for delaying Matson's appeal of that claim.

        **SO ORDERED.**


                                        /s/ Randolph D. Moss
                                        RANDOLPH D. MOSS
                                        United States District Judge


Date:  August 19, 2020